IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HENRI A. BUTLER | § | |
|    TDCJ-CID #417545 | § | |
| | § | |
| VS. | § | C.A. NO. C-05-501 |
| | § | |
| TEXAS BD. OF PARDONS & PAROLES | § | |

## OPINION AND ORDER OF DISMISSAL

This case was filed as a civil rights action by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, plaintiff's action is dismissed for failure to state a claim and/or as frivolous.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of the plaintiff (D.E. 6), this case was reassigned to the undersigned to conduct all further proceedings, including entry of final judgment (D.E. 7).

## II. FACTUAL ALLEGATIONS

On an unidentified date, plaintiff was convicted of murder and aggravated robbery in Harris County, Texas, and sentenced to life in prison. Plaintiff claims that a "life" sentence is equivalent to sixty years, and that under the law in effect at the time of his sentencing, he was required to serve one-third of his sentence, or twenty years, before he was eligible for release to mandatory supervision. Plaintiff claims that he became eligible for mandatory supervision on June 18, 2005. On March 1, 2005, plaintiff had a parole review hearing, and thereafter, he was denied release to mandatory supervision or parole. Plaintiff claims that he was denied a meaningful parole hearing and that the decision to deny him release was arbitrary and capricious. He seeks a declaration that his due process rights were violated and immediate release, or alternatively, a new parole hearing. He also requests damages in an unspecified amount.

### III. DISCUSSION

**A.  Legal standard.**

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted.[1] 42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

**B.  Nature of plaintiff's claims.**

---

[1] Plaintiff states that he did not exhaust his administrative remedies because it was "not required." See D.E. 1 at 2, ¶ III.

2

The initial question is whether plaintiff's claims are cognizable under § 1983. Section 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement. Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994). And see Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995) (challenges to parole board's procedures in general that may help prisoner in the future may be maintained in § 1983 action). However, if a prisoner is challenging the result of a *specific* parole hearing, or is challenging a parole board's rules and procedures that affect his release, and resolution would automatically entitle him to accelerated release, then the challenge must be pursued by writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 481 (1994). The distinction is between claims that would "*merely enhance* eligibility for accelerated release and those that would *create entitlement* to such release." Cook, 37 F.3d at 168. A claim that has an indirect impact on whether a claimant eventually receives parole may still be cognizable under § 1983. Id. And see Wilkinson v. Dotson, __ U.S. __, 125 S. Ct. 1242, 1248-49 (Mar 7, 2005) (inmates' challenge to Ohio's parole proceedings could be maintained in a § 1983 proceeding because success in the action *would not necessarily* spell immediate or speedier release).

In this case, plaintiff is complaining of a specific parole hearing. Were the Court to find in plaintiff's favor on his claims, he would necessarily be entitled to a speedier release. Thus, plaintiff's claims are more properly raised in a habeas corpus proceeding. Cook, *supra*. To proceed with his habeas corpus claims, plaintiff must first exhaust his state court remedies. 28 U.S.C. § 2254. See Wilkinson, *supra*, where Justice Scalia notes in concurrence that prisoners "naturally prefer § 1983 to habeas corpus, in light of the burdensome prerequisites attached to habeas relief by 28 U.S.C § 2254." Finally, plaintiff's claim for damages resulting from the allegedly unconstitutional parole hearing are not cognizable unless and until plaintiff can demonstrate that the challenged proceedings were in fact unconstitutional. Heck, 512 U.S. 477, 486-87 (1994) (in order to recover damages for

3

unconstitutional conviction, imprisonment or other harm, prisoner must first prove that the challenged proceeding has been set aside or otherwise called into question).

### IV.  CONCLUSION

Plaintiff has failed to state a claim upon which § 1983 relief can be granted. His claim for injunctive relief can be maintained only in a habeas corpus proceeding, subject to exhaustion. His request for damages is not cognizable unless and until he can demonstrate that the allegedly unconstitutional parole decision has been set aside. Accordingly, plaintiff's § 1983 claims for injunctive relief and/or damages are dismissed for failure to state a claim and as frivolous, see 28 U.S.C. § 1915A, and this is a dismissal as described by 28 U.S.C. § 1915(g). **The Clerk is directed to provide copies of this order to the parties, to the TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159, and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.**

To the extent plaintiff's claims are habeas in nature, the claims are dismissed without prejudice.

ORDERED this 29th day of November, 2005.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

4